THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiffs
CRAIG YATES and
DISABILITY RIGHTS ENFORCEMENT,
EDUCATION,  SERVICES: HELPING YOU HELP OTHERS

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, <br><br>    Plaintiffs, <br><br> v. <br><br> SYERS PROPERTIES I LP, a California limited partnership, <br><br>    Defendant. | CASE NO. <br> **Civil Rights** <br><br> **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:** <br><br> **1ˢᵗ CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*) <br><br> **2ⁿᵈ CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3 <br><br> **3ʳᵈ CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.* <br><br> **4ᵗʰ CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act) <br><br> **DEMAND FOR JURY** |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of defendant SYERS PROPERTIES I LP, a California limited partnership and allege as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are members, for failure to remove architectural barriers structural in nature at defendants' Fuji Japanese Restaurant, a place of public accommodation, thereby discriminatorily denying plaintiffs and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.      Plaintiff CRAIG YATES  is a person with physical disabilities who, on or about October 18, 2007, October 26, 2007, February 12, 2008, March 7, 2008 and April 11, 2008, was an invitee, guest, patron, customer at defendants' Fuji Japanese Restaurant, in the City of Petaluma, California.  At said time and place, the defendant failed to provide proper legal access to its tenant's premises, the Fuji Japanese Restaurant, which is a "public accommodation" and/or a "public facility" including, but not limited to the entrance and the unisex restroom.   The denial of access was in violation of both federal and California legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal access, and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.      **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel

1  California law, whose goals are closely tied with the ADA, including but not limited to violations

2  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

3  *seq.*, including §19959; Title 24 California Building Standards Code.

4      4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

5  founded on the facts that the real property which is the subject of this action is located at/near

6  253 N. McDowell Boulevard , in the City of Petaluma, County of Sonoma, State of California,

7  and that plaintiffs' causes of action arose in this county.

8  **PARTIES:**

9      5.    Plaintiff CRAIG YATES  is a "physically handicapped person", a "physically

10  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

11  disabled", "physically handicapped" and "person with physical disabilities" are used

12  interchangeably, as these words have similar or identical common usage and legal meaning, but

13  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

14  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other

15  statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff

16  CRAIG YATES  is a "person with physical disabilities", as defined by all applicable California

17  and United States laws.  Plaintiff is a triplegic.  Plaintiff CRAIG YATES requires the use of a

18  wheelchair to travel about in public.  Consequently, plaintiff CRAIG YATES is a member of that

19  portion of the public whose rights are protected by the provisions of Health & Safety Code

20  §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped

21  Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the

22  Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.

23  §12101, *et seq.*

24      6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

25  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

26  with persons with disabilities to empower them to be independent in American society.  DREES

27  accomplishes its goals and purposes through education on disability issues, enforcement of the

28  rights of persons with disabilities, and the provision of services to persons with disabilities, the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

general public, public agencies and the private business sector. DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

7.    That members of DREES, like plaintiff CRAIG YATES, will or have been guests and invitees at the subject Fuji Japanese Restaurant, and that the interests of plaintiff DREES in removing architectural barriers at the subject Japanese Restaurant advance the Japanese Restaurant, are accessible to independent use by mobility-impaired persons. The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

8.    Defendant SYERS PROPERTIES I LP, a California limited partnership (hereinafter alternatively collectively referred to as "defendant") is the owner and operator, lessor and/or lessee, or agent of the owners, lessors and/or lessees, of the public accommodation known as Fuji Japanese, located at/near 253 N. McDowell Boulevard, Petaluma, California, or of the building and/or buildings which constitute said public accommodation.

9.    At all times relevant to this complaint, defendant SYERS PROPERTIES I LP, a California limited partnership, owns and operates in joint venture the subject mall and Fuji Japanese Restaurant as a public accommodation. This business is open to the general public and conducts business therein. The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

///
///
///
///
///
///
///
///
///

10.    At all times relevant to this complaint, defendant SYERS PROPERTIES I LP, a California limited partnership is jointly and severally responsible to identify and remove architectural barriers at the subject Fuji Japanese Restaurant pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201        General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.    The Fuji Japanese Restaurant, is a restaurant, located at/near 253 N. McDowell Boulevard, Petaluma, California.  The Fuji Restaurant, its entrance, unisex restroom and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the Fuji Japanese Restaurant and each of its facilities, its entrance and unisex restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12.    At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

13.    At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the Fuji Japanese Restaurant and the shopping center as being handicapped accessible and handicapped usable.

14.    On or about October 18, 2007, October 26, 2007, February 12, 2008, March 7, 2008 and April 11, 2008, plaintiff CRAIG YATES  was an invitee and guest at the subject Fuji Restaurant, for purposes of having food and beverage.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15.    On or about October 18, 2007, plaintiff CRAIG YATES opened the door to Fuji Japanese Restaurant.  The door pressure was excessive.  Once inside, plaintiff CRAIG YATES was seated.  Plaintiff CRAIG YATES had a meal.

16.    At said time and place, plaintiff CRAIG YATES needed to use an accessible restroom.  Plaintiff CRAIG YATES wheeled to the unisex restroom.  Plaintiff CRAIG YATES attempted to open the door.  Plaintiff CRAIG YATES stressed and strained himself due to the lack of strike side clearance.  Plaintiff CRAIG YATES was only able to access when a female employee saw plaintiff CRAIG YATES struggling, and she came over to open the door for the plaintiff.

17.    Many elements inside the restroom were not accessible:

•    the mirror is too high;

•    there is no grab bars; and

•    the toilet is too close to the wall.

18.    On or about October 26, 2007, plaintiff CRAIG YATES returned to Fuji Japanese Restaurant.  The front door still had excessive door pressure.  When it came time for plaintiff CRAIG YATES to use the restroom, he encountered high chairs, a cart and regular chairs blocking the path of travel to the restroom.

19.    At said time and place, plaintiff CRAIG YATES once again stressed and strained himself trying to open the door to the unisex restroom due to lack of strike side clearance and excessive door pressure.  Plaintiff CRAIG YATES encountered the same architectural barriers as stated herein.

20.    In or about November or December of 2007, plaintiff CRAIG YATES attempted to patronize the Fuji Japanese Restaurant but was unable to do so, as it was closed for remodeling/alterations.

21.    On or about December 27, 2007, plaintiff CRAIG YATES wrote the landlord and the tenant relative to access issues.  Plaintiff CRAIG YATES did not receive a response.

22.    On or about January 25, 2008, plaintiff CRAIG YATES sent two (2) more letters

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  to the landlord and the tenant relative to access and suggested a power door be installed for the

2  restroom and the restroom made more accessibly.  Plaintiff never received a response.

3          23.    On or about February 12, 2008, plaintiff CRAIG YATES once again patronized

4  the Fuji Restaurant.  Plaintiff CRAIG YATES encountered the same excessive door pressure at

5  the front entrance.

6          24.    At said time and place, plaintiff CRAIG YATES needed to use the restroom.

7  Plaintiff CRAIG YATES encountered the same items partially blocking the hallway to the

8  restroom.  On this occasion, an employee saw plaintiff CRAIG YATES approaching the

9  restroom and opened the door for plaintiff CRAIG YATES, at plaintiffs' request.  Plaintiff

10 CRAIG YATES saw the restroom was somewhat remodeled with what appeared to be marble or

11 granite, and possibly a different sink.  But, the other elements of the restroom were still not

12 accessible.

13         25.    On or about March 5, 2008, Plaintiff CRAIG YATES again sent two (2) more

14  letters and addressed the front door pressure and the power door issue.  Plaintiff CRAIG YATES

15 did not receive a response.

16         26.    On or about March 7, 2008, plaintiff CRAIG YATES returned to Fuji Japanese

17  Restaurant and encountered all the same barriers as stated herein.

18         27.    On or about April 11, 2008, plaintiff CRAIG YATES once again dined at Fuji

19 Japanese Restaurant.  No remedial work had been done.  Plaintiff CRAIG YATES encountered:

20              •    a front door with excessive door pressure;

21              •    a restroom door he could not open; and

22              •    elements in the restroom that still constituted barriers.

23         28.    The restroom door was opened for plaintiff CRAIG YATES by an employee.

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

29.    Therefore, at said time(s) and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject Fuji Japanese Restaurant which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

      a.    lack of an accessible entrance due to excessive front door pressure;

      b.    lack of a handicapped-accessible public restroom; and

      c.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

30.    At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

31.    On or about December 27, 2007, January 25, 2008 and March 5, 2008, defendant(s) were sent a total of six (6) letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances.   Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

32.    At all times stated herein, the defendant, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES  from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.  Therefore as a legal result of the defendants' breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

33.    As a legal result of defendant SYERS PROPERTIES I LP, a California limited partnership's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

34.    As a further legal result of the actions and failure to act of defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury on or about October 18, 2007 and October 26, 2007, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing unisex restroom door, plaintiff suffered continuous, repetitive and cumulative trauma to upper extremities while attempting to open said door without strike side clearance.

35.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

36.    Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES  harm as stated herein.
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

37.     Plaintiff CRAIG YATES and the membership of DREES were denied their rights to equal access to a public facility by defendant SYERS PROPERTIES I LP, a California limited partnership, because defendant SYERS PROPERTIES I LP, a California limited partnership maintained a restaurant without access for persons with physical disabilities to its facilities, including but not limited to the entrance and the unisex restroom, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

38.     On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

39.     Plaintiffs, as described hereinbelow, seek injunctive relief to require the Fuji Japanese Restaurant to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendant operates the Fuji Japanese Restaurant as a public facility.

40.     Plaintiffs seek damages for violation of their civil rights on  October 18, 2007, October 26, 2007, February 12, 2008, March 7, 2008 and April 11, 2008 and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his/her visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff CRAIG YATES  from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

41.     On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

42.    Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling defendants to make the Fuji Japanese accessible to persons with disabilities.

43.    On information and belief, defendant has intentionally undertaken to modify and alter existing building(s), and has failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of defendant, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators of other restaurants and other public facilities, and to punish defendants and to carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

44.    Plaintiffs are informed and believe and therefore allege that defendant SYERS PROPERTIES I LP, a California limited partnership, and each of them, caused the subject building(s) which constitute the Fuji Restaurant  to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the Fuji Restaurant and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendants have continued to maintain and operate said restaurant  and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of the restaurant and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff CRAIG YATES, the membership of plaintiff DREES and the disability community which DREES serves.  Such construction, modification, ownership, operation, maintenance and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and

2   Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

3       45.    On personal knowledge, information and belief, the basis of defendants' actual and

4   constructive notice that the physical configuration of the facilities including, but not limited to,

5   architectural barriers constituting the Fuji Japanese Restaurant and/or building(s) was in violation

6   of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not

7   limited to, communications with invitees and guests, plaintiff CRAIG YATES himself, sponsors

8   of conferences, owners of other restaurants, hotels, motels and businesses, notices they obtained

9   from governmental agencies upon modification, improvement, or substantial repair of the subject

10  premises and other properties owned by this defendant, newspaper articles and trade publications

11  regarding the Americans with Disabilities Act of 1990 and other access laws, public service

12  announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other

13  similar information.  Defendants' failure, under state and federal law, to make the restaurant

14  accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and

15  other similarly situated persons with disabilities.  Despite being informed of such effect on

16  plaintiff and other persons with physical disabilities due to the lack of accessible facilities,

17  defendants, and each of them, knowingly and willfully refused to take any steps to rectify the

18  situation and to provide full and equal access for plaintiffs and other persons with physical

19  disabilities to the restaurant.  Said defendant, and each of them, have continued such practices, in

20  conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to

21  the date of filing of this complaint, and continuing thereon.  Defendant had further actual

22  knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed

23  to the defendant and served concurrently with the summons and complaint.  Said conduct, with

24  knowledge of the effect it was and is having on plaintiffs and other persons with physical

25  disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of

26  plaintiffs and of other similarly situated persons, justifying the imposition of treble damages per

27  Civil Code §§52 and 54.3.

28  ///

46.    Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and the disability community which it serves, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

**I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant SYERS PROPERTIES I LP, a California limited partnership, inclusive)
(42 U.S.C. §12101, *et seq.*)

47.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 46 of this complaint.

48.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

49.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

50.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> ---
> (B) a restaurant, bar or other establishment serving food or drink; and
>
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment.

42 U.S.C. §12181(7)(B)(E)

51.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

52.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

(iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

53.     The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of Fuji Restaurant pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

54.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendant  under the standards set forth under §301(9) of the Americans with Disabilities Act.

///

1   Furthermore, if it was not "readily achievable" for defendant to remove each of such barriers,

2   defendant has failed to make the required services available through alternative methods which

3   were readily achievable.

4       55.    On information and belief, construction work on, and modifications of, the subject

5   building(s) of Fuji Japanese Restaurant occurred after the compliance date for the Americans with

6   Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of

7   the ADA.

8       56.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

9   *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

10  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

11  basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

12  are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from

13  returning to or making use of the public facilities complained of herein so long as the premises

14  and defendants' policies bar full and equal use by persons with physical disabilities.

15      57.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

16  disability to engage in a futile gesture if such person has actual notice that a person or

17  organization covered by this title does not intend to comply with its provisions".  Pursuant to this

18  section, plaintiff CRAIG YATES  has not returned to defendants' premises since on or about

19  April 11, 2008, but on information and belief, alleges that defendants have continued to violate

20  the law and deny the rights of plaintiffs and of other persons with physical disabilities to access

21  this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of

22  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

23  facilities readily accessible to and usable by individuals with disabilities to the extent required by

24  this title".

25      58.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

26  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

27  the Americans with Disabilities Act of 1990, including but not limited to an order granting

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1   injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being

2   deemed to be the prevailing party.

3          Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

4   **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
           IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
5   (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
    EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
6   corporation, and Against Defendant SYERS PROPERTIES I LP, a California limited
    partnership, inclusive)
7   (California Civil Code §§54, 54.1, 54.3, *et seq.*)

8          59.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

9   allegations contained in paragraphs 1 through 58 of this complaint.

10         60.    At all times relevant to this action, California Civil Code §54 has provided that

11  persons with physical disabilities are not to be discriminated against because of physical handicap

12  or disability.  This section provides that:

13                 (a) Individuals with disabilities . . . have the same rights as
                   the general public to full and free use of the streets, highways,
14                 sidewalks, walkways, public buildings, medical facilities, including
                   hospitals, clinics, and physicians' offices, and other public places.
15
           61.    California Civil Code §54.1 provides that persons with disabilities shall not be
16
    denied full and equal access to places of public accommodation or facilities:
17
                   (a)(1) Individuals with disabilities shall be entitled to full
18                 and equal access, as other members of the general public, to
                   accommodations, advantages, facilities, medical facilities, including
19                 hospitals, clinics, and physicians' offices, and privileges of all
                   common carriers, airplanes, motor vehicles, railroad trains,
20                 motorbuses, streetcars, boats, or any other public conveyances or
                   modes of transportation (whether private, public, franchised,
21                 licensed, contracted, or otherwise provided), telephone facilities,
                   adoption agencies, private schools, hotels, lodging places, places of
22                 public accommodation, amusement or resort, and other places to
                   which the general public is invited, subject only to the conditions
23                 and limitations established by law, or state or federal regulation, and
                   applicable alike to all persons.
24
                   Civil Code §54.1(a)(1)
25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

62.    California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

63.    Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendant, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendant knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiffs have been and continue to be denied full and equal access to defendants' Fuji Japanese Restaurant. As a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which they visited or have been deterred from visiting the Fuji Japanese Restaurant because of their knowledge and belief that the Fuji Japanese Restaurant is inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

64.    On or about October 18, 2007, October 26, 2007, February 12, 2008, March 7, 2008 and April 11, 2008, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES was denied access to the entrance, unisex restroom and other public facilities as stated herein at the Fuji Japanese Restaurant and on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

65.    As a result of the denial of equal access to defendants' facilities due to the acts and omissions of the defendant, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical discomfort, bodily injury on or about October 18, 2007 and October 26, 2007, including but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing unisex restroom door without a strike side clearance, plaintiff CRAIG YATES suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to open said door from his wheelchair.

66.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

67.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about October 18, 2007, October 26, 2007, February 12, 2008, March 7, 2008 and April 11, 2008, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

68.     As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions of Civil Code §54.3 and §55, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.*** (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant SYERS PROPERTIES I LP, a California limited partnership, inclusive)
(Health & Safety Code §19955, *et seq.*)

69.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 68 of this complaint.

70.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

71.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

public accommodations constructed or altered after that date.  On information and belief, portions of the Fuji Japanese Restaurant and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the Fuji Restaurant  and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

72.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of Fuji Japanese Restaurant and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

73.    Restaurants such as the Fuji Japanese Restaurant are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

74.    As a result of the actions and failure to act of defendant, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

75.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

1    physical disabilities and prohibiting discrimination against the persons with physical disabilities,

2    and to take such action both in plaintiffs' own interests and in order to enforce an important right

3    affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all

4    reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

5    §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

6    and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs

7    and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

8    3(a)).  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing

9    party.

10          76.      Plaintiffs seek injunctive relief for an order compelling defendants, and each of

11   them, to make the subject place of public accommodation readily accessible to and usable by

12   persons with disabilities.

13          Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

14   **IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
          EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
15   **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
          SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
16   (On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS, ENFORCEMENT,
     EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
17   corporation, and Against Defendant SYERS PROPERTIES I LP, a California limited
     partnership, inclusive)
18   (Civil Code §51, 51.5)

19          77.      Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

20   allegations contained in paragraphs 1 through 76 of this complaint.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

78.    Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the part of the defendant, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendant, and each of them.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23

79.    The acts and omissions of the defendant stated herein are discriminatory in nature and in violation of Civil Code §51.5:

No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

80.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section". Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at §47, *et seq*., as if repled herein.

81.    As a legal result of the violation of plaintiff CRAIG YATES's civil rights as hereinabove described, plaintiff CRAIG YATES has suffered general damages, bodily injury on or about October 18, 2007 and October 26, 2007, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing door to the unisex restroom, plaintiff

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to open said door.

82.     Further, plaintiff CRAIG YATES suffered physical injury, emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs). Plaintiffs CRAIG YATES and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.      PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant SYERS PROPERTIES I LP, a California limited partnership, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.     For injunctive relief, compelling defendant SYERS PROPERTIES I LP, a California limited partnership, inclusive, to make the Fuji Japanese Restaurant, located at 253 N. McDowell Boulevard, Petaluma, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq*., and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.     For such other and further relief as the court may deem proper.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant SYERS PROPERTIES I LP, a California limited partnership, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    For injunctive relief, compelling defendant SYERS PROPERTIES I LP, a California limited partnership, inclusive, to make the Fuji Japanese Restaurant, located at 253 N. McDowell Boulevard, Petaluma, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.    Treble damages pursuant to Civil Code §54.3;

5.    For all costs of suit;

6.    Prejudgment interest pursuant to Civil Code §3291;

7.    Such other and further relief as the court may deem just and proper.

**III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff CRAIG YATES, and Against Defendant SYERS PROPERTIES I LP, a California limited partnership, inclusive),
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    General and compensatory damages according to proof.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant SYERS PROPERTIES I LP, a California limited partnership, inclusive)
(Health & Safety code §19955, *et seq.*)

1.    For injunctive relief, compelling defendant SYERS PROPERTIES I LP, a California limited partnership, inclusive, to make the Fuji Japanese Restaurant, located at 253 N. McDowell Boulevard, Petaluma, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.    For all costs of suit;

4.    For prejudgment interest pursuant to Civil Code §3291;

5.    Such other and further relief as the court may deem just and proper.

**V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant SYERS PROPERTIES I LP, a California limited partnership, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.    Treble damages pursuant to Civil Code §52(a);

4.    For all costs of suit;

5.    Prejudgment interest pursuant to Civil Code §3291; and

6.    Such other and further relief as the court may deem just and proper.

///

**VI.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, and Against Defendant SYERS PROPERTIES I LP, a California limited partnership, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

    1.    General and compensatory damages to plaintiff CRAIG YATES according to proof.

Dated: _5/20/08_, 2008        THOMAS E. FRANKOVICH
                              *A PROFESSIONAL LAW CORPORATION*

By: _____
                              THOMAS E. FRANKOVICH
                              Attorneys for Plaintiffs CRAIG YATES and
                              DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
                              SERVICES:HELPING YOU HELP OTHERS, a California
                              public benefit corporation

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: _5/20/08_, 2008        THOMAS E. FRANKOVICH
                              *A PROFESSIONAL LAW CORPORATION*

By: _____
                              THOMAS E. FRANKOVICH
                              Attorneys for Plaintiffs CRAIG YATES and
                              DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
                              SERVICES:HELPING YOU HELP OTHERS, a California
                              public benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28

# EXHIBIT A

December 27, 2007

Fuji Restaurant
253 North Mc Dowell Blvd.
Petaluma, Ca. 94954
707-778-8600

Dear Manager of Fuji Restaurant,

I've been to the Fuji Restaurant many times. As I use a wheelchair, I had problems with the door leading into your hallway for access to the restrooms, as well access to the men's room door needs to be addressed from the inside since the vanity top is too close to the door and the height of this counter top is too high. So enjoy your food and services.

i would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whoever is in charge. I'd like to come back to Fuji Restaurant once it's restroom accessible to me, I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. **Would you please reply to my letter by FedEx to make sure I get your response?**

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Craig Thomas Yates
1004 Los Gamos Rd.
San Rafael, Ca. 94903

December 27, 2007

Property Owner
Fuji Restaurant
253 North Mc Dowell Blvd.
Petaluma, Ca. 94954
707-778-8600

Dear Manager of Fuji Restaurant,

      I've been to the Fuji Restaurant many times. As I use a wheelchair, I had problems with the door leading into your hallway for access to the restrooms, as well access to the men's room door needs to be addressed from the inside since the vanity top is too close to the door and the height of this counter top is too high. So enjoy your food and services.

      I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whoever is in charge. I'd like to come back to Fuji Restaurant once it's restroom accessible to me, I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. **Would you please reply to my letter by FedEx to make sure I get your response?**

      I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

      I was told that, if you make less than a million dollars per year and have a few employees that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

      Thank you for considering my request.

Craig Thomas Yates
1004 Los Gamos Rd.
San Rafael, Ca. 94903

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

January 25, 2008

Fuji Japanese
Manager
253 North McDowell Blvd.
Petaluma, CA 94954

Dear Manager of Fuji Japanese:

I've been to Fuji's a few times over the last year. I find the quality of the food to be excellent! I've had some problems with the restroom. The biggest problem is getting in. You see, if you are in a wheelchair you have to be able to have room on the side where you pull the door open. They call it strike side. Simply put you need you need room on the side of your wheelchair so you can pull the door open and angle your chair in. Problem is your door handle in near the wall so there is no room. Also the hallway always has baby chairs or a cart that blocks the corridor. So, I have to ask an employee to move things and open the restroom door.

Here is what I think you could do about the restroom door. Put a power door that opens out in the same direction of the existing door. Or, if there would be enough room for a wheelchair to enter with the door swinging in and be able to close the door that might also work.

The second option might not work if once you push the door open you wouldn't have enough room to close the restroom door. But if it would work then it would be really cheap to do because you would simply change the door swing. You should also put in grab bars and make sure the dispensers and other things are the right height.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Fuji's once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours

and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903


January 25, 2008


Owner of the Building for Fuji Japanese
253 North McDowell Blvd.
Petaluma, CA 94954


Dear Owner of the Building for Fuji Japanese:

I've been to Fuji's a few times over the last year. I find the quality of the food to be excellent! I've had some problems with the restroom. The biggest problem is getting in. You see, if you are in a wheelchair you have to be able to have room on the side where you pull the door open. They call it strike side. Simply put you need you need room on the side of your wheelchair so you can pull the door open and angle your chair in. Problem is your door handle in near the wall so there is no room. Also the hallway always has baby chairs or a cart that blocks the corridor. So, I have to ask an employee to move things and open the restroom door.

Here is what I think you could do about the restroom door. Put a power door that opens out in the same direction of the existing door. Or, if there would be enough room for a wheelchair to enter with the door swinging in and be able to close the door that might also work.

The second option might not work if once you push the door open you wouldn't have enough room to close the restroom door. But if it would work then it would be really cheap to do because you would simply change the door swing. You should also put in grab bars and make sure the dispensers and other things are the right height.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Fuji's once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

March 5, 2008

Manager
Fuji Japanese Restaurant
253 N. McDowell Blvd.
Petaluma, CA 94954

Dear Manager of Fuji Japanese Restaurant:

Sometime ago, I wrote you a letter about Fuji Restaurant. It was back in December of 2007. I didn't get a reply. I read the letter I sent you and I think I may have confused you. So, let me try again.

You see, I use a wheelchair and I've been to Fuji's a few times. The food is quite good but when it comes time to use the restroom, it's really difficult. The door opens out and there is no strike side clearance. That's room to the side of the door. That means you can't get to the side of the door to open it and have your wheelchair angled to get in. It can be done but it kills your shoulders and arms trying to open the door. I don't think hinging it the other way would work because if you roll in, you may not be able to close the door. But you should check it out to be sure. What would work is a power door. I think one is about $750 to $1250. You can get a tax credit. The other big problem is the front door pressure. It should be easy to open. That could be adjusted.

As I put in my other letter, you can get information by calling the Disability Center at 1-800-949-4232 or the federal government at 1-800-514-0301. You can get everything you need to understand what to do.

I still want to see access soon. So please write me back in the next 2 weeks. Send it by FedEx so I get it. Thanks.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

March 5, 2008

Owner of Building
Fuji Japanese Restaurant
253 N. McDowell Blvd.
Petaluma, CA 94954

Dear Owner of Building for Fuji Japanese Restaurant:

Sometime ago, I wrote you a letter about Fuji Restaurant. It was back in December of 2007. I didn't get a reply. I read the letter I sent you and I think I may have confused you. So, let me try again.

You see, I use a wheelchair and I've been to Fuji's a few times. The food is quite good but when it comes time to use the restroom, it's really difficult. The door opens out and there is no strike side clearance. That's room to the side of the door. That means you can't get to the side of the door to open it and have your wheelchair angled to get in. It can be done but it kills your shoulders and arms trying to open the door. I don't think hinging it the other way would work because if you roll in, you may not be able to close the door. But you should check it out to be sure. What would work is a power door. I think one is about $750 to $1250. You can get a tax credit. The other big problem is the front door pressure. It should be easy to open. That could be adjusted.

As I put in my other letter, you can get information by calling the Disability Center at 1-800-949-4232 or the federal government at 1-800-514-0301. You can get everything you need to understand what to do.

I still want to see access soon. So please write me back in the next 2 weeks. Send it by FedEx so I get it. Thanks.

Sincerely,

Craig Yates