```
1  JOSEPH COSTELLA & ASSOCIATES
   Philip T. Emmons, Esq., (SBN: 124902)
2  215 Lennon Lane, Suite 200
   Walnut Creek, California 94598
3  T: (925) 945-4491
4  F: (925) 945-4454
   E-mail: pemmons@travelers.com
5
   Attorney for Defendant
6  SYERS PROPERTIES I LP, a California Limited
   Partnership
7
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>            Plaintiffs,<br><br>v.<br><br>SYERS PROPERTIES I LP, a California limited partnership,<br><br>            Defendants. | Case No. CV 08-02734 SI<br><br>**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant SYERS PROPERTIES I LP, a California Limited Partnership, (hereinafter "this answering defendant") in answer to the Complaint of plaintiffs, CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and to each alleged cause of action contained therein, admits, denies, and alleges as follows:

1.   Answering Paragraph 73 of the Complaint, defendant admits all of the allegations therein.

(1)

2. Answering Paragraphs 9, 10, 13, 30, 32, 33, 34, 37, 38, 41, 42, 43, 44, 45, 53, 54, 56, 64, 65, 66, 74, 79, 80, 81, and 82 of the Complaint, defendant denies each and every allegation contained therein.

3. Answering Paragraphs 3, 4, 5, 6, 7, 12, 14, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 35, 46, and 55 of the Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained therein.

4. Answering Paragraphs 39, 40, 58, and 76 of the Complaint, the paragraphs do not contain any material allegations and do not require admissions or denials, because plaintiffs simply state what relief they are seeking. To the extent that any material allegations might be construed from the language of these paragraphs, defendant denies each and every allegation contained therein.

5. Answering Paragraphs 48, 49, 50, 51, 60, 61, 62, and 70 of the Complaint, these paragraphs only contain statements of law and not material allegations, thus not requiring admissions or denials. To the extent that any material allegations might be construed from the language of these paragraphs, defendant denies each and every allegation contained therein.

6. Answering Paragraphs 47, 59, 69, and 77 of the Complaint, these paragraphs are simply restatements of previous paragraphs in the Complaint, and as such, defendant admits and denies the allegations as stated with reference to those previous paragraphs.

7. Answering Paragraph 1 of the Complaint, the paragraph does not contain any material allegations and does not require admissions or denials, because plaintiffs simply state the general nature of their lawsuit and what relief they are seeking. To the extent that any material allegations might be construed from the language of this paragraph, defendant denies each and every allegation contained therein.

8. Answering Paragraph 2 of the Complaint, it is uncertain what is meant by "defendants' Fuji Japanese Restaurant," as alleged in the first sentence, but defendant denies that it has a "Fuji Japanese Restaurant." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in the first sentence, and on that basis denies each and every remaining allegation contained therein. Defendant denies each and every remaining allegation contained in the paragraph.

9. Answering Paragraph 8 of the Complaint, defendant admits that it is a California Limited Partnership and that it owns and leases the property at 253 North McDowell Blvd., Petaluma, California. Except as so admitted, defendant denies each and every allegation contained in the paragraph.

10. Answering Paragraph 11 of the Complaint, defendant admits the first sentence. Except as so admitted, defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in the paragraph, and on that basis denies each and every remaining allegation contained therein.

11. Answering Paragraphs 15 and 18 of the Complaint, defendant denies the second sentence of each paragraph. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in the paragraphs, and on that basis denies each and every remaining allegation contained therein.

12. Answering Paragraph 29 of the Complaint, defendant denies that plaintiff was denied "the proper and legally-required access." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in the paragraph, and on that basis denies each and every remaining allegation contained therein.

13. Answering Paragraph 31 of the Complaint, defendant denies the last sentence. Defendant is without sufficient knowledge or information to form a belief as to the truth of

the remaining allegations contained in the paragraph, and on that basis denies each and every remaining allegation contained therein.

14.     Answering Paragraph 36 of the Complaint, the paragraph is not a complete sentence and is incomprehensible.  To the extent that any material allegations might be construed from the language of this paragraph, defendant denies each and every allegation contained therein.

15.     Answering Paragraph 52 of the Complaint, defendant denies the last sentence.  The remainder of the paragraph only contains statements of law and not material allegations, thus not requiring admissions or denials.  To the extent that any material allegations might be construed from the language of the paragraph other than the last sentence, defendant denies each and every allegation contained therein.

16.     Answering Paragraph 57 of the Complaint, the first and last sentences only contain statements of law and not material allegations, thus not requiring admissions or denials.  To the extent that any material allegations might be construed from the language of these sentences, defendant denies each and every allegation contained therein.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that "plaintiff CRAIG YATES has returned to defendants' premises since or about April 11, 2008," and on that basis denies each and every remaining allegation contained therein.  Defendant denies each and every allegation contained in the remainder of the paragraph.

17.     Answering Paragraph 63 of the Complaint, the last sentence only contains statements of law and not material allegations, thus not requiring admissions or denials.  To the extent that any material allegations might be construed from the language of that sentence, defendant denies each and every allegation contained therein.  Defendant denies each and every allegation contained in the remainder of the paragraph.

18. Answering Paragraph 67 of the Complaint, defendant denies that "Plaintiffs have been damaged by defendants', and each of their, wrongful conduct." The remainder of the paragraph does not contain any material allegations and does not require admissions or denials, because plaintiffs simply state what relief they are seeking. To the extent that any material allegations might be construed from the language of the remainder of the paragraph, defendant denies each and every allegation contained therein.

19. Answering Paragraphs 68 and 75 of the Complaint, defendant denies each and every allegation in the first sentence of each paragraph. The remainder of each of these paragraphs does not contain any material allegations and does not require admissions or denials, because plaintiffs simply state what relief they are seeking. To the extent that any material allegations might be construed from the language of the remainder of the paragraphs, defendant denies each and every allegation contained therein.

20. Answering Paragraph 71 of the Complaint, the first two sentences only contain statements of law and not material allegations, thus not requiring admissions or denials. To the extent that any material allegations might be construed from the language of these first two sentences, defendant denies each and every allegation contained therein. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the remainder of the paragraph, and on that basis denies each and every allegation contained therein.

21. Answering Paragraph 72 of the Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that "these regulations must be complied with as to any alterations and/or modifications of Fuji Japanese Restaurant and/or building(s)," and the allegations contained in the last sentence of the paragraph, and on that basis denies each and every allegation contained therein. The remainder of the paragraph only contains statements of law and not material allegations, thus

(5)

not requiring admissions or denials. To the extent that any material allegations might be construed from the language of the remainder of the paragraph, defendant denies each and every allegation contained therein.

22.   Answering Paragraph 78 of the Complaint, defendant denies each and every allegation contained in the first and last two sentences. The remainder of the paragraph only contains statements of law and not material allegations, thus not requiring admissions or denials. To the extent that any material allegations might be construed from the language of the remainder of the paragraph, defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant alleges, on information and belief, that at all times and places set forth in the Complaint, plaintiffs were guilty of carelessness, recklessness and negligence in and about the matters and happenings set forth therein and to the extent that such conduct contributed to the alleged damages, if any there were, plaintiffs' right to recover is proportionately diminished.

### Second Affirmative Defense

Defendant alleges, on information and belief, that at all times and places set forth in the Complaint, other persons, including, but not limited to, parties of this suit, were negligent, careless and otherwise legally blameworthy in the manner in which they conducted themselves. Said negligence, carelessness and legal fault proximately caused, and proximately contributed to causing, the injuries and damages alleged in the Complaint, if any in fact there were, and this answering defendant is, therefore, entitled to implied equitable indemnity and contribution from said other persons to the extent of their percentage of fault or culpability.

### Third Affirmative Defense

Defendant alleges, on information and belief, that at all times and places set forth in the Complaint, plaintiffs had knowledge of, appreciated and voluntarily assumed, the risks incident to those matters and happenings alleged in said Complaint. The damages, if any, alleged by plaintiffs were caused and arose out of such risks so voluntarily assumed.

### Fourth Affirmative Defense

Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

### Fifth Affirmative Defense

Defendant alleges that the Complaint, and each cause of action contained therein, is barred by reason of a statute of limitations, including, but not limited to, California Code of Civil Procedure section 335.1 and any applicable Federal statutes of limitations.

### Sixth Affirmative Defense

Defendant alleges that plaintiffs are barred from any relief and/or recovery of any damages under the equitable doctrine of unclean hands.

### Seventh Affirmative Defense

Defendant alleges that plaintiffs have unduly delayed in the presentation of plaintiffs' claims against this answering defendant, which such delay has created a prejudice to this answering defendant and, by reason of which conduct, plaintiffs are barred from any relief and/or recovery of any damages under the doctrine of laches.

### Eighth Affirmative Defense

Defendant alleges that plaintiff is barred from any relief and/or recovery of any damages by virtue of plaintiff's conduct constituting a waiver.

### Ninth Affirmative Defense

Defendant alleges that plaintiff is barred from any relief and/or recovery of any damages by virtue of plaintiff's conduct constituting an estoppel.

### Tenth Affirmative Defense

Defendant alleges that other persons or entities, and each of them, named and unnamed in the complaint, were guilty of negligence, or other acts or omissions in the matters set forth in the complaint, which proximately caused or contributed to the damages or loss complained of, if any, and that this answering defendant is liable, if at all, only for the amount of non-economic damages allocated to it in direct proportion to its percentage of fault, and that the court is requested to determine and allocate the percentage of negligence attributable to each of the other persons or entities at fault.

### Eleventh Affirmative Defense

This answering Defendant alleges that this answering defendant did not have either actual or constructive notice of the condition, if any, which existed at the time and place mentioned in the complaint for a sufficient time prior to the alleged damages to have taken measures to protect against the condition.

### Twelfth Affirmative Defense

Defendant alleges that at all times material in this action, the alleged dangerous or defective condition as described in the complaint was open and obvious to plaintiffs, and as such bars any recovery in this action or diminishes plaintiffs' recovery to the extent that plaintiffs' loss, damage, or injury is attributable to the existence of the alleged dangerous or defective condition.

### Thirteenth Affirmative Defense

Defendant alleges that all times material in this action, the alleged dangerous or defective condition as described in the complaint was trivial in nature, and as such bars any

recovery in this action or diminishes plaintiffs' recovery to the extent that plaintiffs' loss, damage, or injury is attributable to the existence of the alleged dangerous or defective condition.

### Fourteenth Affirmative Defense

Defendant alleges that at all times and places set forth on the complaint, if the plaintiffs suffered or sustained any loss, damage, or injury as alleged in the complaint, that loss, damage, or injury was proximately caused or contributed to by the negligence or wrongful conduct of other parties, persons, or entities, and that their negligence or wrongful conduct was an intervening and superseding cause of the loss, damage, or injury of which plaintiffs complain.

### Fifteenth Affirmative Defense

Defendant alleges that plaintiffs' injuries and damages, if any, were caused by the negligence and fault of others than this answering defendant, and that such fault on the part of others proximately and concurrently caused or contributed to the loss and damage complained of by plaintiffs, if any there were.

### Sixteenth Affirmative Defense

Defendant alleges that plaintiffs lack standing to sue in this action and is thereby barred from any recovery on this action.

### Seventeenth Affirmative Defense

Defendant alleges that removal, modification, alteration, or change in the barriers complained of in the Complaint were not readily achievable.

### Eighteenth Affirmative Defense

Defendant alleges that the areas of the premises complained of in the Complaint did not require removal, modification, alteration, or change under the American with Disabilities Act, the Unruh Civil Rights Act, the California Health & Safety Code, or any other federal or

California law.

### Nineteenth Affirmative Defense

Defendant alleges that this answering defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  This answering defendant herein reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, this answering defendant prays:

1. That plaintiffs take nothing by reason of the Complaint;

2. For costs of suit herein incurred; and

3. For such other and further relief as this court may deem just and proper.

### DEMAND FOR JURY

Defendant SYERS PROPERTIES I LP hereby demands a jury for all issues raised in the Complaint.

DATED:  August _____, 2008            JOSEPH COSTELLA & ASSOCIATES

By: _____
Philip T. Emmons
Attorney for Defendant
SYERS PROPERTIES I LP, a California
Limited Partnership